UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

──────────────────────────────────────────X

| | |
|---|---|
| **Yang Bi** | Case No.: |
| **A208-527-640** | |
| **Plaintiff,** | |
| | **COMPLAINT FOR** |
| v. | **MANDAMUS AND** |
| | **DECLARATORY** |
| | **JUDGMENT** |
| **Alejandro N. Mayorkas, Secretary** | |
| **U.S. Department of Homeland Security** | |
| **Ur M. Jaddou, Director** | |
| **U.S. Citizenship and Immigration Services** | |
| **Laura B. Zuchowski, Director** | **JURY TRIAL** |
| **USCIS Vermont Service Center** | **DEMANDED** |
| **Christopher A. Wray, Director** | |
| **Federal Bureau of Investigation** | |
| **Merrick B. Garland, Attorney General** | |
| **U.S. Department of Justice** | |
| **Defendants.** | |

──────────────────────────────────────────X

The Plaintiff, by counsel, complains of the Defendants, Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security; Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services; Laura B. Zuchowski, Director, USCIS Vermont Service Center, Christopher A. Wray, Director, Federal Bureau of Investigation and Merrick B. Garland, Attorney General, U.S. Department of Justice, as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Self-Petition for Abused Spouse (Form I-360) without further delay.

2. The Plaintiff (*an Abused Spouse of a United States Citizen*) has properly filed the I-360 Self-Petition with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on December 30, 2020 (EAC-21-095-50166). The said Self-Petition has been found to establish a *prima facie* case for classification under the self-petitioning provisions of the Violence Against Women Act on April 19, 2021. Plaintiff also has a concurrent I-485 Application for Adjustment of Status to Permanent Residence *pending* that may not be adjudicated without the *final* Approval of the final approval of the said abuse-based I-360 Self Petition. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). The District court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency. The Administrative Procedure Act requires an agency to act within a reasonable time, 5 U.S.C. § 555(b), and authorizes a reviewing court to compel agency action, unreasonably delayed, 5 U.S.C. § 706(1).

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to

adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. 8 U.S.C. §1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.

6. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" As adjudication of a properly filed I-360 abused-based Self-Petition with the Defendant U.S. Citizenship and Immigration Services ("USCIS") is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim.

7. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the I-360 abused-based Self-Petition process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application

is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the I-360 abused-based Self-Petition pending before them.

8. As set forth below, the delay in processing the Plaintiff's said properly filed I-360 abused-based Self-Petition is unreasonable.

### III. VENUE

9. Venue is proper under 28 U.S.C.§ 1391(e)(3) because Plaintiff resides in this judicial district, and no real property is involved in the action. The statute provides that in an action in which a defendant is an officer or employee of the United States, the action "may . . . be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." *Id.* There is no real property involved in this action.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed I-360 abused-based Self-Petition, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for a long time. The Plaintiff has no other adequate remedy available for the harm he seeks

to redress – the failure of USCIS to process his I-360 abused-based Self-Petition in a timely manner.

## V. PARTIES

11. The Plaintiff, Yang Bi, resides at 301 East 50th Street, #6A, New York, NY 10022. He was born in the People's Republic of China in 1984 and is a citizen of People's Republic of China. His Alien Registration number is A208-527-640.

12. The Defendants, Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security; Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services and Laura B. Zuchowski, Director, USCIS Vermont Service Center, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. Defendant Christopher A. Wray is being sued in his official capacity as Director of the FBI, the law enforcement agency that conducts the necessary background checks required for USCIS adjudication of certain petitions seeking to adjust immigration status. Defendant Merrick B. Garland is being sued in his official capacity as United States Attorney General and, in this capacity, he is responsible for the activities of the FBI. In addition, pursuant to 8 § USC 1103, he is charged with determining all issues of law pertaining to immigration and representing the United States of America in various legal matters.

USCIS received the Plaintiff's I-360 abuse-based Self-Petition on December 30, 2020. USCIS is the agency of DHS responsible for adjudicating I-360 abuse-based Self-Petitions under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

**VI. FACTS AND PROCEDURAL HISTORY**

13. The Plaintiff came to the United States in 2015. He is a law-abiding individual, has been employed, has always paid his taxes, and has never been arrested, charged, or convicted of any crime.

14. Plaintiff filed his I-360 abuse-based Self-Petition, along with the concurrent I-485 Adjustment Application with USCIS on December 30, 2020. The said Self-Petition is currently pending at the USCIS Vermont Service Center.

15. Plaintiff's Self-Petition is based on abuse by his United States Citizen spouse.

16. Plaintiff has made numerous telephonic status inquiries with USCIS over the past months that his Self-Petition has been pending, and he has repeatedly been informed that his case remains un-adjudicated pending review.

17. Plaintiff is eager to obtain Lawful Permanent Resident status and the lengthy delay by the Defendants in adjudicating his Self-Petition is of great concern to him.

18. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's Self-Petition. As long time have elapsed since the Plaintiff filed his said application, he requests that this Court instruct USCIS to adjudicate the said Self-Petition without further delay.

### VII. CAUSE OF ACTION

19. The Plaintiff is eligible for status as a Lawful Permanent Resident.

20. The Defendants have sufficient information to determine the Plaintiff's eligibility for relief pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's said Self-Petition for long time, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

21. The Plaintiff's ability to travel out of the country has also been restricted, for as long as his immigration status remains pending.

22. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his said Self-Petition without further unreasonable delay.

### VIII. CLAIMS

23. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question;

and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate his application within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

24. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking relief, including submission of all necessary forms and supporting documents.

25. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's Self-Petition for long time, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

26. The Defendants owe the Plaintiff a duty to adjudicate his abuse-based Self-Petition, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. *See, e.g.*, *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his abuse-based Self-Petition and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Power*, 292 F.3d at 784; *Matter of Sealed Case,* 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

27. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. The Plaintiff has already waited for long for adjudication of his pending abuse-based Self-Petition. This is an unacceptable and unreasonable delay.

28. The Plaintiff is entitled to action on his long-pending waiver application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

29. Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## IX. PRAYER

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-360 abuse-based Self-Petition without further delay;

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 9th day of January, 2022,

By: s/ Meer M. M. Rahman_____
Meer M. M. Rahman, Esq.
*Attorney for the Plaintiff*
305 Broadway, Suite 610
New York, NY 10007
Phone: (212) 732-2220
Cell: (917) 622-7969
Fax: (212) 732-2220
meerlaw@gmail.com

## List of Exhibits:

1. I-360 abuse-based Self-Petition Receipt Notice;

2. Prima Facie Determination; and

3. I-485 Adjustment of Status Application Receipt Notice.


**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**

| Receipt Number | | Case Type |
|---|---|---|
| EAC2109550166 | | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| **Received Date** | **Priority Date** | **Petitioner** A208 527 640 |
| 12/30/2020 | | BI, YANG |
| **Notice Date** | **Page** | **Beneficiary** A208 527 640 |
| 01/05/2021 | 1 of 2 | BI, YANG |

YANG BI
c/o MEER M M RAHMAN
305 BROADWAY STE 610
NEW YORK  NY  10007

**Notice Type:** Receipt Notice
Fee Waived
Section: Self-Petitioning Spouse of Abusive U.S.C. or LPR

We have mailed an official notice about this case (and any relevant documentation) according to the mailing preferences you chose on Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative. **This is a courtesy copy, not the official notice.**

**What the Official Notice Said**

**We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above.** It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

**Contacting the Agency (Filings for Battered Spouses, Children, or Parents)**
If your safe mailing address changes and you do not have an attorney of record or representative on your case, you must submit your address change in writing, with your signature, to the Vermont Service Center. Otherwise, you may not receive notice of action(s) taken on your case. If any other changes need to be made you also must contact the Vermont Service Center in writing. Please include what changes need to be made and your signature.

If you are an attorney of record and your client has cases filed with us you can contact the VAWA T/U Customer Service Hotline: 1-802-527-4888.

Vermont Service Center
U.S. Citizenship & Immigration Services
75 Lower Welden Street
Saint Albans, VT 05479-0001

**Contacting the Agency (All Other Filings)**
**If any of the above information is incorrect or if you have any questions about the status of your case, please call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283 or visit the USCIS website at www.uscis.gov** (if you are hearing impaired, the NCSC TDD number is 1-800-767-1833). If you call us, please have your Alien Registration Number (A-Number) and/or the receipt number shown above. The receipt number is a tracking number for your case and will help with inquiries.

**Processing time** - Processing times vary by case type. Go to www.uscis.gov to see the current processing times listed by case type and office.

- View your case status on our website's Case Status Online page.
- You can also sign up to receive free email updates as we process your case.
- During most of the time while your case is pending, the processing status will not change. This is because we are working on cases that were filed before your case.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.
- If you do not receive an initial decision or update from us within our current processing time, contact the NCSC at 1-800-375-5283 or visit our website at www.uscis.gov

**Biometrics** - We require biometrics (fingerprints, a photo, and a signature) for some types of cases. If we need biometrics from you, we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country,
- A driver's license,
- A military photo ID, or

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Vermont Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
75 Lower Welden Street
Saint Albans VT 05479-0001

**USCIS Contact Center: www.uscis.gov/contactcenter**



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.      Form I-797C 04/01/19



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | Case Type |
|---|---|
| EAC2109550166 | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |

| Received Date | Priority Date | Petitioner |
|---|---|---|
| 12/30/2020 | | A208 527 640 BI, YANG |

| Notice Date | Page | Beneficiary |
|---|---|---|
| 01/05/2021 | 2 of 2 | A208 527 640 BI, YANG |

- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.

**If your address changes** - If your mailing address changes while your case is pending, please update your address with us using the Online Change of Address option at www.uscis.gov or by calling the NCSC at 1-800-375-5283. Otherwise, you might not receive notices about this case.

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** Under the Immigration and Nationality Act (INA), the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Applicants:

| Name | DOB | COB | Class |
|---|---|---|---|
| BI, YANG | 04/05/1984 | CHINA, PEOPLE'S REPUBLIC OF | |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Vermont Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
75 Lower Welden Street
Saint Albans VT 05479-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C 04/01/19

April 19, 2021

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
75 Lower Welden St.
St. Albans, VT 05479

**U.S. Citizenship and Immigration Services**

YANG BI
LAW OFFICE OF MEER M M RAHMAN
c/o MEER M M RAHMAN
305 BROADWAY STE 610
NEW YORK, NY 10007


EAC2109550166


A208-527-640

RE: YANG BI
I-360, Petition for Amerasian, Widow(er), or Special Immigrant

## PRIMA FACIE DETERMINATION

**Receipt Date:** December 30, 2020

The above petition has been reviewed and found to establish a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act.

THIS NOTICE MAY BE USED TO ASSIST YOU IN RECEIVING PUBLIC BENEFITS.

**THIS PRIMA FACIE DETERMINATION IS VALID FOR A PERIOD OF ONE YEAR FROM THE NOTICE DATE SHOWN ABOVE, AND EXPIRES ON THE DATE INDICATED BELOW.**

We will send you a written notice as soon as we make a decision on this case. It is not expected that a final decision will be made in this case before the end of the one year period. If this period is coming to a close and a decision has not been made on your case, you will automatically receive an extension within 60 days of the ending date.

**PLEASE NOTE: ESTABLISHING A PRIMA FACIE CASE FOR CLASSIFICATION UNDER THE SELF-PETITIONING PROVISIONS OF THE VIOLENCE AGAINST WOMEN ACT DOES NOT NECESSARILY MEAN THAT YOUR PETITION WILL BE APPROVED.**

**EXPIRATION DATE: April 19, 2022**



# THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| EAC2109550181 | | I485 - APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS |
| Received Date | Priority Date | Applicant  A208 527 640 |
| 12/30/2020 | | BI, YANG |
| Notice Date | Page | Beneficiary  A208 527 640 |
| 01/05/2021 | 1 of 2 | BI, YANG |

YANG BI
c/o MEER M M RAHMAN
LAW OFFICE OF MEER M M RAHMAN
305 BROADWAY STE 610
NEW YORK NY 10007

**Notice Type:** Receipt Notice
Amount received: $1225.00 U.S.
Section: VAWA self-petitioner

We have received the application or petition ("your case") listed above. This notice shows that your case was filed on the "Received Date" listed above. It does NOT grant the beneficiary any immigration status, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available if you contact us about your case.

**T/U Filings -** If you were still in valid U or T nonimmigrant status on the date your Application to Register Permanent Residence or Adjust Status (Form I-485) was received, that status is extended until a decision is reached on your Form I-485. If your status was no longer valid by the date your Form I-485 was received, you will need to file the Application to Extend/Change Nonimmigrant Status (Form I-539) with this office to request an extension of your nonimmigrant status.

**Affidavit of Support -** If a Form I-864, Affidavit of Support, is required for your filing, please understand that it is a contract between your sponsor and the government of the United States. This means that your sponsor is telling the government that he/she is willing and able to financially support you if needed. It may also make you ineligible for certain Federal, state, or local means-tested benefits, because he/she has indicated that they will support you. If you do receive any means-tested benefits, section 213A(b) of the Immigration and Nationality Act (INA) states that the benefits-granting entity shall request reimbursement from your sponsor.

EMPLOYMENT AUTHORIZATION:
You are authorized to work in the United States while your Application to Register Permanent Residence or Adjust Status (Form I-485) is pending. You may apply for work authorization by submitting an Application for Employment Authorization (Form I-765), pursuant to Title 8 Code of Federal Regulations (8 CFR), section 274a.12(c)(9), to this office. If you have already filed this application, the decision on your application will be sent under separate cover.

DEPARTING FROM THE UNITED STATES:
If you plan to depart the United States, you must obtain permission to return to the United States by requesting advance parole before you leave. If you do not obtain advance parole before your departure, you will be considered to have abandoned your application for adjustment of status and the application will be denied. Please see 8 CFR section 245.23(j), for T adjustment of status applications, and section 245.24(j), for U adjustment of status applications. In addition, you may be unable to re-enter the United States, or you may be placed in removal proceedings before an Immigration Judge. You may apply for advance parole by submitting an Application for Travel Document (Form I-131) to this office. If you have already filed this application, the decision on your application will be sent under separate cover.

**If any of the information in your notice is incorrect or you have any questions about your case,** you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

**Processing time** - Processing times vary by form type.
- Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
- If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Vermont Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
75 Lower Welden Street
Saint Albans VT 05479-0001

USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.          Form I-797C  04/01/19

**THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.**



| Receipt Number | | Case Type |
|---|---|---|
| EAC2109550181 | | I485 - APPLICATION TO REGISTER PERMANENT RESIDENCE OR ADJUST STATUS |
| Received Date | Priority Date | Applicant  A208 527 640 |
| 12/30/2020 | | BI, YANG |
| Notice Date | Page | Beneficiary  A208 527 640 |
| 01/05/2021 | 2 of 2 | BI, YANG |

**Biometrics** - We require biometrics (fingerprints, a photo, and a signature) for some types of cases. If we need biometrics from you, we will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must wait for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are:

- A passport or national photo ID issued by your country,
- A driver's license,
- A military photo ID, or
- A state-issued photo ID card.

If you receive more than one ASC appointment notice (even for different cases), take them both to the first appointment date.
**If your address changes** - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

**Return of Original Documents -** Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: if you wish to obtain your mother's birth certificate and your parents' marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** Under the INA, the information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will provide you and the legal representative listed on your Form G-28 an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Vermont Service Center
U. S. CITIZENSHIP & IMMIGRATION SVC
75 Lower Welden Street
Saint Albans VT 05479-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C  04/01/19